<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAWRENCE L. CRAWFORD, et al., | HON. JOSE L. LINARES |
| Petitioner, | Civil No. 08-4187 (JLL) |
| v. | |
| STATE OF NEW JERSEY, et al., | <u>OPINION</u> |
| Respondents. | |

APPEARANCES:

> LAWRENCE L. CRAWFORD, #300839
> Lieber Correctional Institution
> P.O. Box 205
> Ridgeville, South Carolina 29472
> Petitioner <u>Pro Se</u>

**LINARES**, District Judge:

Lawrence L. Crawford, a South Carolina prisoner incarcerated at Lieber Correctional Institution in Ridgeville, South Carolina, filed a form Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his South Carolina conviction and sentence. For the reasons expressed below, this Court will dismiss the Petition, without prejudice to the filing of a petition under 28 U.S.C. § 2254 in the United States District Court for the District of South Carolina.

### I. BACKGROUND

"In March 2004, [Lawrence L. Crawford] was tried, convicted and sentenced to life imprisonment in the Kershaw County Court of General Sessions for the beating murder of his eleven-year-old daughter, Korresha Crawford." <u>Crawford v. SC Attorney Generals Office</u>,

Docket No. 06-0908, 2006 WL 4766029 *1 (D.S.C. Dec. 18, 2006). The online inmate locator operated by the South Carolina Department of Corrections indicates that Petitioner is presently serving a life sentence imposed by the State of South Carolina for murder. See South Carolina Department of Corrections, https://sword.doc.state.sc.us/incarceratedInmateSearch/ (last viewed Aug. 28, 2008).

On August 18, 2008, the Clerk of this Court received a form Petition for Writ of Habeas under 28 U.S.C. § 2241 brought by "Lawrence L. Crawford et al."[1] against State of New Jersey, State of North Carolina, State of Georgia, State of South Carolina and the warden of Lieber Correctional Institution. The Petition specifies that it concerns a conviction and sentence, but does not indicate the court imposing the sentence or the nature of the convictions and sentence. In the spaces on the § 2241 form requesting this information, as well as the spaces on the form requesting the grounds raised and the factual support for each ground, the Petition states "SEE MEMORANDUM" or "SEE ATTACHED EXHIBITS AND AFFIDAVIT AND MEMORANDUM."

Attached to the seven-page § 2241 form Petition are 422 typewritten pages of exhibits, primarily consisting of documents that were apparently submitted to the United States District Court for the Eastern District of Michigan and the United States District Court for the District of South Carolina. Document entry #1-10 is labeled "AFFIDAVIT AND MEMORANDUM OF LAW IN SUPPORT OF WRITS OF HABEAS CORPUS APPLICATIONS PURSUANT TO U.S.C. § 2254 AND § 2241" in the District of New Jersey, but the document, which consists of

---

[1] Petitioner states that he seeks to bring the Petition as a class action on behalf of himself and 43 other inmates incarcerated in South Carolina at Lieber Correctional Institution.

2

37 typewritten pages, is incomprehensible. Most significantly, this document does not clarify the conviction Petitioner seeks to challenge, specify grounds for relief under § 2241, or provide factual support for the grounds. The following provides a flavor of the various exhibits:

> THE PETITIONER, LAWRENCE L. CRAWFORD, AKA JONAH GABRIEL JAHJAH T. TISBITE, DOES STATE FOR THE RECORD, YES, THE POSSIBILITY EXTREMELY EXIST THAT THESE CASES ARE DIRECTLY TIED TO CHRISTIAN, JEWISH, AND ISLAMIC PROPHESY AS IT PERTAINS TO THE FORERUNNER OF CHRIST. THE PETITIONER MR. LAWRENCE L. CRAWFORD, HAS BEEN SEEN BY OVER 9 DIFFERENT FORENSIC PSYCHOLOGIST. NOT ONE DETERMINED HIM TO BE INSANE, DELUSIONAL, OR PSYCHOTIC. THEREFORE, THE ASSERTIONS MADE ARE MERELY THOSE WHICH ARE INDICATAIVE TO RELIGIOUS BELIEF. THE PETITIONERS BRING THE NEW JERSEY COURT'S ATTENTION TO EXHIBIT NO. "BC", THIS IS A COPY OF THE FOREWORD AND FOREWARNING OF THE BOOK OF REMEMBRANCE OF MALACHI 3:16, SPOKEN OF IN THE OLD TESTAMENT THAT IS SAID TO WOULD BE WRITTEN BY THE FORERUNNER TO CHRIST - THE MUSLIM MAHDI, THE RIGHTFUL JEWISH HEIR, KING, AND HIGH PRIEST OF ISRAEL . . .
>
> THESE PEOPLE FRAMED ME FOR THE MKURDER OF MY OWN CHILD, NOT JUST BEHIND RELIGIOUS AND RACIAL HATRED, BUT ALSO BECAUSE THEY SEE ME AS THIS SUPPOSED "YANKEE" FROM THE NORTH, PARTICULARLY FROM THE STATE OF NEW JERSEY, WHO ALSO WORKED IN THE STATE OF NEW YORK. I WAS BORN IN THIS STATE. I AM ALSO FORMER MILITARY AIR FORCE. I WAS A RSPONSIBLE CITIZEN OF THIS STATE MOST OF MY LIFE UNTIL I CAME SOUTH TO BE NEAR MY PARENTS AND FINISH SCHOOL. WHAT THESE PEOPLE DID TO ME DOWN HEAR IS CRIMINAL, OUTRAGEOUS, AND DEFIES FUNDAMENTAL JUDICIAL FAIRNESS. THERE'S A WAY TO PROVE IT WITHOUT EXHUMING THE BODY THAT THESE CORRUPT SOULS FRAMED ME. THEY TOOK DNA FROM MY CHILD. SHE WAS SEXUALLY ASSAULTED BY HER HALF BROTHER WHO GOT HER PREGNANT, SHE DEVELOPED GESTATIONAL DIABETES,

>
> SPONTANEOUSLY ABORTED, AND IT KILLED HER.
> MICHAEL THREATENED HER TO PREVENT HER
> REVEALING OF HIS SEXUAL ASSAULT UPON HIS
> SIBLING, AND THESE MEMBERS OF MY OWN
> HOUSEHOLD, THEY THAT WERE FED A PORTION OF MY
> MEET, BETRAYED ME TO PREVENT MY BRINGING THEM
> INTO ACCOUNT, AND AS A DEAL TO AVOID THEIR OWN
> IMPRISONMENT OUT OF FEAR OF A FABRICATED
> HOMICIDE. THESE UNDERCOVER KU KLUX KLANSMEN
> IN THE SOUTH CONCEALED HER TRUE CAUSE OF DEATH
> BEHIND RELIGIOUS, POLITICAL, AND RACIAL HATRED,
> DUE TO THE IDEOLOGIES EMBODIED WITHIN THE BOOK
> OF REMEMBRANCE HEREWITH ENCLOSED . . .

(Affidavit and Memorandum of Law, docket entry #1-10, pp. 7, 9.)

## II. DISCUSSION

Petitioner, who is serving a life sentence imposed by the State of South Carolina, labeled the Petition as challenging a conviction and sentence under 28 U.S.C. § 2241. Section 2241(a) provides that "Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). The Supreme Court has interpreted this language to require "that the court issuing the writ have jurisdiction over the custodian." Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004) (citation omitted). "The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." Id. at 443. Because jurisdiction over this Petition lies in the district of confinement, that is, the District of South Carolina, this Court lacks jurisdiction over the Petition under § 2241(a). See Padilla, 542 U.S. at 443. This Court will accordingly dismiss the § 2241 Petition, without prejudice to the filing of a petition challenging Petitioner's South Carolina conviction and sentence under 28

4

U.S.C. § 2254 in the United States District Court for the District of South Carolina.  See 28 U.S.C. §§ 1391(b), 2243; Coady v. Vaughn, 251 F. 3d 480 (3d Cir. 2001).

### III. CONCLUSION

Based on the foregoing, the Court dismisses the Petition, without prejudice to the filing of a petition challenging Petitioner's South Carolina conviction and sentence under 28 U.S.C. § 2254 in the United States District Court for the District of South Carolina.

_____
JOSE L. LINARES
U.S. District Judge

Dated: _____9-2-_____, 2008